UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


KEITH MCCLAINE                                    CIVIL ACTION


VERSUS                                            NO: 11-2447


BOEING COMPANY                                    SECTION: "H"(3)



## ORDER AND REASONS


Before the Court is a Motion to Dismiss (R. Doc. 35) filed by Defendant Boeing Company. For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.  The above-captioned matter is DISMISSED WITH PREJUDICE.  The Motion is denied insofar as the Court declines to award attorney's fees in favor of Defendant.



## BACKGROUND

This Title VII case stems from Defendant's alleged discriminatory hiring practices.  Plaintiff,

an African American male, is qualified to work as a Friction Stir Welder ("FSW").  On January 29, 2010, Plaintiff applied for two positions with Defendant as a Manufacturing Technology Analyst 4 ("MTA4").  Plaintiff avers that he was qualified for these positions, because some of the job duties mirrored those typically performed by a FSW.[1]  On April 7, 2010, Defendant cancelled the positions.  On April 22, 2010, Defendant hired six white males as FSWs, three of whom had no previous experience as FSWs.  Plaintiff "believes, but does not know," that one of the positions for which he applied was filled by at least one white male.  Plaintiff alleges that Defendant refused to hire him because of his race.

Plaintiff filed the Complaint in this matter on September 28, 2011 (R. Doc. 1), which was subsequently amended on December 2, 2011 (R. Doc. 9).  On January 31, 2012, Defendant filed a Motion to Dismiss.  (R. Doc. 11.)  The Court granted the Motion on July 23, 2012, and dismissed Plaintiff's claims without prejudice.  (R. Doc. 28.)  Plaintiff filed his Second Amended Complaint on August 14, 2012.  (R. Doc. 32.)

On August 31, 2012, Defendant filed the instant Motion to Dismiss (R. Doc. 35), which Plaintiff opposed on September 18, 2012 (R. Doc. 38).  Defendant filed a reply on September 28, 2012.  (R. Doc. 41.)

_____

[1] Specifically , Plaintiff alleges that the MTA4 positions "required coordination to develop and guide the implementation of specifications for Friction Stir Welding and working to establish and maintain Friction Stir Welding schedules."  (R. Doc. 33 ¶6.)

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  The Court need not, however, accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S. Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.  *Id*.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.  *Iqbal*, 129 S. Ct. at 678 (quoting *Twombly*, 550 S. Ct. at 1955).  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.  *Lormand*, 565 F.3d at 255–57.  The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

3

**LAW AND ANALYSIS**

For the following reasons, the Court finds that Plaintiff has failed to state a legally cognizable claim under Title VII.  Accordingly, Plaintiff's case is dismissed with prejudice.  The instant Motion is denied insofar as the Court declines to award attorney's fees in favor of Defendant.

Defendant argues that Plaintiff fails to establish a *prima facie* case of racial discrimination under Title VII.  Additionally, Defendant argues that Plaintiff's Second Amended Complaint is frivolous and contains multiple factual inaccuracies.  For these reasons, Defendant moves to dismiss Plaintiff's case with prejudice and for attorney's fees associated with bringing the instant Motion.  Plaintiff counters that his discrimination claim is legally cognizable.  Furthermore, Plaintiff argues that Defendant is not entitled to attorney's fees, because it has failed to mitigate damages from an allegedly frivolous lawsuit.

I.     Whether Plaintiff States a Valid Claim for Racial Discrimination Under Title VII

Title VII governs Plaintiff's employment discrimination claim.  *See* 42 U.S.C. § 2000e *et seq.* "The Title VII inquiry is 'whether the defendant intentionally discriminated against the plaintiff.'" *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir. 2003) (quoting *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983)).  A plaintiff may prove discriminatory animus through direct or circumstantial evidence.  *Roberson v. Alltell Info. Servs.*, 373 F.3d 647, 652 (5th Cir. 2004).

4

When a plaintiff relies on indirect evidence, the Fifth Circuit applies the modified *McDonnell–Douglas* burden-shifting framework. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011) (citations omitted). Under this framework, a plaintiff must first establish a *prima facie* case of discrimination. *Autry v. Ford Bend Indep. Sch. Dist.*, 704 F.3d 344, 346–47 (5th Cir. 2003). The elements of a *prima facie* case vary depending on the nature of the discrimination and its effect on the plaintiff's employment. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (citations omitted). To establish a *prima facie* case of racial discrimination in a Title VII failure-to-hire case, the plaintiff must prove that: "(1) he belongs to a protected class; (2) he applied for and was qualified for a position that was seeking applicants; (3) he was rejected; and (4) following his rejection, another applicant not of the protected class was hired." *Haas v. Advo Sys., Inc.*, 168 F.3d 732, 733 (5th Cir. 1999) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973)).

"If a plaintiff is successful in establishing a prima facie case of discrimination, the employer must rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason" for its actions. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (citations omitted). "If the defendant meets its burden, the presumption of discrimination created by the plaintiff's prima facie case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005) (citations omitted).

5

Plaintiff fails to carry his initial burden of establishing a *prima facie* case for two reasons. First, Plaintiff does not sufficiently allege that he was qualified for the MTA4 positions.  Rather, Plaintiff avers that his training as a FSW qualified him for a MTA4 position.  (*See* R. Doc. 33 ¶8.) Such conjecture is insufficient to establish the second element of a *prima facie* case.

Plaintiff also fails to adequately plead the fourth element of a *prima facie* case.  By Plaintiff's own admission, the positions for which he applied were subsequently cancelled.  (R. Doc. 33 ¶7.) Therefore, it would have been impossible for the positions to have been filled by *anyone*, much less someone outside of Plaintiff's protected class.

Plaintiff's "belie[f]" that one of the MTA4 positions was filled by at least one white male is directly contradicted by his previous allegation.  Moreover, such speculative expressions of possibility are inconsistent with the pleading requirements in Rule 8(a)(2).  *See Iqbal*, 129 S. Ct. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)).

II.    <u>Whether Plaintiff Should Be Granted Leave to Amend</u>

For the following reasons, the Court will not grant Plaintiff leave to amend.  Accordingly, the instant matter is dismissed with prejudice.

In his opposition memorandum, Plaintiff makes numerous factual allegations not contained in the Second Amended Complaint.  When deciding a motion to dismiss, the Court may not

consider factual allegations raised for the first time in an opposition memorandum. *See Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387. Nonetheless, some courts construe the inclusion of new factual allegations as a motion for leave to amend the complaint under Rule 15. *See, e.g.*, *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (collecting cases); *Taylor v. Jotun Paints, Inc.*, No. 09–3801, 2009 WL 2488038, at *2 (E.D. La. Aug. 12, 2009); *Boley v. MBNA American Bank, N.A.*, No. Civ.A. 3:03–CV–0912, 2003 WL 22350752, at *1 (N.D. Tex. Sept. 25, 2001).

"The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). While leave to amend under Rule 15(a) is to be freely given, "that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physican Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987)). In deciding whether to grant leave to amend, the Court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Priester v. JP Morgan Chase Bank, N.A.*, No. 12–40032, 2013 WL 539048, at *7 (5th Cir. 2013) (citing *Foman*, 371 U.S. at 182).

To the extent Plaintiff's opposition memorandum may be construed as a motion for leave to amend, that motion is denied for multiple reasons. First, Plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed. Plaintiff has already had two opportunities to amend his complaint. His First Amended Complaint was dismissed without prejudice for failure to

7

establish, *inter alia*, the second and fourth elements of a *prima facie* case under Title VII.  (*See* R. Doc. 28.)  The Court now dismisses his Second Amended Complaint for the same reasons.  *See further U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (finding no abuse of discretion where district court denied motion to amend after granting defendant's second motion to dismiss).

Second, it appears that a third chance to amend would to be futile.  "Futility" in this context means that the amended complaint would fail to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted).  Thus, the Court assesses the new allegations in Plaintiff's opposition under the same standard of legal sufficiency as applies under Rule 12(b)(6).  *See id.* (citations omitted).

Plaintiff asserts that one of the MTA4 positions to which he applied may not have been cancelled, despite an allegation in the Second Amended Complaint to the contrary.[2]  Additionally, Plaintiff asserts that Defendant hired four individuals to work as Fabrication Specialists D and one individual to work as a Product Integration Engineer.  Plaintiff does not know if any of these jobs involve stir welding and therefore is unsure whether Plaintiff would have had the requisite qualifications.  Lastly, Plaintiff alleges that Defendant hired one individual outside of his protected

---

[2] *See* (R. Doc. 38) ("It may be that the relevant slot . . . was not cancelled and plaintiff was mistaken to plead that it had been.")

class for an MTA4 position, but concedes that Plaintiff did not apply for this particular position.[3]

Even if the Court allowed Plaintiff to amend his complaint and add the aforesaid allegations, he would still fail to establish a *prima facie* case of racial discrimination.  As a preliminary matter, Plaintiff concedes he did not apply for *any* of the newly-referenced positions.  This admission alone precludes Plaintiff from establishing elements two and three of a *prima facie* case.  Moreover, even if Plaintiff had applied for the positions, he still fails to assert that he possessed the requisite qualifications.  For the foregoing reasons, amendment would be futile.

Third, allowing Plaintiff to amend his complaint for a third time would unduly prejudice Defendant.  Given Plaintiff's repeated inability to adequately establish a *prima facie* case, and Plaintiff's failure to convince this Court that he could so in the future, the filing of a third complaint would likely engender yet another motion to dismiss.  Defendant has already expended considerable time and resources in filing two such motions; it need not do so for a third time.

III.    Whether Defendant Should Be Awarded Attorney's Fees

Defendant moves this Court to sanction Plaintiff's counsel for attorney's fees incurred in filing the instant Motion.  Specifically, Defendant argues that Plaintiff's failure "to engage in the steps necessary to ensure that a complaint is 'well grounded in fact'" violates the Federal Rules of Civil Procedure.  While Defendant generally references the Federal Rules, it does not cite to a

---

[3] Plaintiff applied for MTA4 positions bearing requisition numbers 09-1016866 and 09-1016874. The MTA4 position that was allegedly filled by someone outside of Plaintiff's protected class bears a different requisition number.

specific Rule.  Defendant's use of the phrase "well-grounded in fact" tracks the language of former Rule 11.  Thus, the Court interprets Defendant's motion under Rule 11.

Rule 11 undoubtedly allows federal courts to direct payment of "reasonable attorney's fees" to the moving party.  Fed. R. Civ. P. 11(c)(4).  "The rule's clear language allows for an award of attorney's fees and other expenses *only* 'if imposed on motion.'"  *Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008) (emphasis in original) (quoting Fed. R. Civ. P. 11(c)(4)).  A motion for sanctions under Rule 11 must be made separately from any other motion and must not be filed with the Court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, or denial is not withdrawn or appropriately corrected.  Fed. R. Civ. P. 11(c)(2).  Since Defendant has failed to comply with these procedural prerequisites, the Court cannot award attorney's fees under Rule 11.

To the extent Defendant petitions this Court to impose sanctions under its inherent authority, such request is denied.  The Supreme Court has held that "federal courts have inherent power to assess attorney's fees."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).  "It is well-settled, however, that the threshold for the use of inherent sanctioning power is high, and once the power is invoked, it must be 'exercised with restraint and discretion.'"  *Maguire Oil Co., et al. v. The City of Houston.*, 143 F.3d 205, 209 (5th Cir. 1998) (quoting *Chaves v. M/V Medina Star*, 47 F.2d 153, 156 (5th Cir. 1995)).  "A court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has

10

been defiled.'" *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers*, 501 U.S. at 46).  "When there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules [or a federal statute]," the court should only resort to its inherent power if it believes that "neither the statute nor the Rules are up to the task." *Chambers*, 501 U.S. at 50.  Since adequate sanctions could be imposed under Rule 11, the Court declines to use its inherent power.

## CONCLUSION

For the reasons previously stated, the Motion is GRANTED IN PART and DENIED IN PART.  The above-captioned matter is DISMISSED WITH PREJUDICE.  The Motion is denied insofar as the Court declines to award attorney's fees in favor of Defendant.  Judgment shall be entered in accordance with this Order.

New Orleans, Louisiana, this 19th day of March, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**